The Full Commission finds as fact and concludes as a matter of law the following, which were entered into by the parties at the hearing as
 STIPULATIONS
1. At the time of the alleged injury or contraction of an occupational disease, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At all relevant times, an employment relationship existed between the Plaintiff and the Defendant/employer.
3. Liberty Mutual Insurance Company is the carrier on risk.
4. An Industrial Commission Form 22 was submitted from which an average weekly wage may be determined.
5. Plaintiff's medical records were stipulated into evidence as part of the pre-trial agreement. These medical documents include medical records of James P. Aplington, MD., medical records from Wesley Long Community Hospital and documentation from CareMark Center for Active Rehabilitation Exercise.
6. Plaintiff was out of work from September 6, 1994 through December 6, 1994.
7. Plaintiff received short term disability benefits pursuant to the employer funded plan while she was out of work in the amount of $4,342.82.
8. The issues before this Commission are: (1) whether Plaintiff sustained an injury by accident arising out of and in the course and scope of her employment with the Defendant/employer; (2) whether Plaintiff contracted an occupational disease as a result of her employment with Defendant/employer; and (3) what, if any, compensation is due the Plaintiff?
 *************
The Full Commission adopts the findings of fact of the Deputy Commissioner, with a few modifications and additions, as follows:
 FINDINGS OF FACT
1. Plaintiff is a female who was born on February 7, 1943. She did not finish high school, but obtained her G.E.D. Plaintiff began her employment with Lorillard in 1975.
2. On August 18, 1994, Plaintiff was employed as a case pack operator with the Defendant/employer. Almost every day she ran the packer machine, which packed cigarettes into soft packs. The cigarettes would first be wrapped in foil to keep them fresh. One of Plaintiff's regular duties was to load the roll of foil onto a reel. To do this, she lifted the roll of foil up overhead and pushed it onto the reel. The foil rolls were approximately one foot wide and thirty inches long and weighed about 24 pounds on the 150 soft pack machine and about 36 pounds on the 250 machine. A new foil roll had to be loaded about once per hour.
3. On August 18, 1994, as Plaintiff was lifting and attempting to load a roll of foil onto the reel, she felt on onset of pain in her right arm. At the time she felt this pain, she was doing her normal job in the usual way. Plaintiff continued to work and completed her shift.
4. The following day, Plaintiff told her supervisor what had happened the prior day and that her pain had since increased. Plaintiff declined medical attention at that time.
5. When Plaintiff reported to work on the following Monday, she again complained of her pain to her supervisor. Her supervisor sent her to the company physician, R.F. Joyner, M.D.
6. Dr. Joyner examined Plaintiff and advised her to take Ibuprofen for fourteen days.
7. After that fourteen-day period, Plaintiff still had pain and was referred to James P. Aplington, M.D, an orthopedic specialist. Dr. Aplington saw Plaintiff on September 6, 1994, at which time he suspected that she had a torn rotator cuff in her right shoulder.
8. On September 29, 1994, Dr. Aplington performed a surgical anterior acromionectomy and repair of the Plaintiff's torn right shoulder rotator cuff.
9. On March 15, 1995, Dr. Aplington determined that plaintiff could be released from his care and that she retained a fifteen percent permanent disability to her right upper extremity.
10. At the time that Plaintiff first began to experience pain in her right shoulder, she was performing her normal job duties. Plaintiff was not engaged in any unusual activity at work at the time she began to experience this pain and there was no interruption of her usual work routine. She was lifting a roll of foil onto the reel, which was something she would do up to eight times a day in a normal eight hour shift.
11. Even if the evidence should establish a causal connection between the Plaintiff's rotator cuff injury and her job duties, there is no evidence that Plaintiff's employment with Defendant/employer placed her at an increased risk of developing a right rotator cuff tear than members of the general public not so equally exposed.
 **************
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of her employment with Defendant/employer on or about August 18, 1994, resulting in injury to her right shoulder. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff has failed to establish that her right shoulder rotator cuff injury is the result of an occupational disease due to causes and conditions which are characteristic of and peculiar to her employment with Defendant/employer. N.C. Gen. Stat. §97-53(13); Booker v. Duke Medical Center, 297 N.C. 458
(1979).
 **************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following
 ORDER
1. Under the law, plaintiff's claim must be and the same is hereby DENIED.
2. Each side shall pay its own costs, except that Defendants shall pay an expert witness fee of $375 to Dr. James P. Aplington.
This the ____ day of March, 1998.
 S/ ________________ KIM L. CRAMER DEPUTY COMMISSIONER
CONCURRING:
S/ ______________ DIANNE C. SELLERS
COMMISSIONER
S/ ______________ THOMAS S. BOLCH COMMISSIONER